UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS BLAIKE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DINA EL-TAWANSY, et al.,<br><br>    Defendants. | Case No. 22-cv-04669-RS<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Plaintiffs filed this suit to halt the impending closure of an encampment they had been residing in beneath Highway 101 in San Rafael, California. The Complaint names as defendants the City of San Rafael, the California Department of Transportation, the California Highway Patrol, and several relevant officials. Plaintiffs sought an emergency temporary restraining order ("TRO") and a preliminary injunction. The request for a TRO was granted on August 15, 2022, but ten days later the TRO was dissolved and the request for preliminary injunction was denied. Now, these Defendants move to dismiss the case. These motions are suitable for disposition without oral argument. Civ. L.R. 7-1(b).

The motions must be granted. Nothing appears to remain of the case at this juncture given that the request for injunctive relief was denied. The Complaint does not, for instance, include a separate request for damages. As discussed in the prior Order, none of Plaintiffs' claims are plausible under the facts stated in the Complaint. *See* Dkt. 22. Finally, given that Plaintiffs have failed timely to oppose the motions (and still have not opposed the motions), dismissal is

warranted, even given Plaintiffs' pro se status. *See Velasquez v. California*, 68 Fed. App'x 833, 834 (9th Cir. 2003). For these reasons, the motions to dismiss are GRANTED, and the Complaint is DISMISSED, with leave to amend.[1] Any amended pleading must be filed within 14 days of the entry of this Order; failure to do so will result in termination of the case without further notice.

**IT IS SO ORDERED**.

Dated: October 20, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] Barbier Security, a private security contractor, was also named as a defendant, but it has not filed a motion to dismiss and has never appeared in this case. Attempts to serve the summons on Barbier were also unsuccessful. *See* Dkt. 34. Given that the Complaint is devoid of any plausible averment that the company should be held liable for any of the claims, the Complaint is also hereby DISMISSED as to Barbier Security.